IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIKI L. BENNET O/B/O C.A.H.,     ) | |
|        ) | |
|    Plaintiff,     ) | |
|        ) | |
|   v.     ) | CIVIL ACTION NO. 07-G-1074-E |
|        ) | |
| MICHAEL J. ASTRUE,     ) | |
| Commissioner of Social Security,     ) | |
|        ) | |
|    Defendant.     ) | |

**MEMORANDUM OPINION**

The plaintiff brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying claimant's application for Social Security Benefits. Tiki L. Bennet filed an application for Social Security Benefits on behalf of C.A.H. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239. The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

In particular, the court notes that plaintiff's argument that the claimant is disabled under the listing for childhood asthma lacks merit. Under Listing 103.03(B), the plaintiff must have asthma with:

> Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of the attacks.

(Emphasis added). The definition of an asthma attack under Listing 3.00C is as follows:

> Attacks of asthma ... are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting.

(Emphasis added). The medical evidence of record does not document asthma attacks meeting the requirements of the Listing. The first hospital admission and emergency room visit cited by the plaintiff were followed by a period of over 12 months with no documented asthma attack requiring emergency room treatment, or its equivalent. Additionally, on July 22, 2004, the plaintiff's treating physician wrote: "He has mild

2

persistent asthma, being controlled on Flovent and Albuterol." [R 170]

The series of emergency room visits and hospital admission beginning October 15, 2005, do not meet the Listing requirement. No respiratory distress was found in three of the ER visits, and the treatment notes from those visits do not show the presence of an asthma attack " requiring intensive treatment." Therefore, the plaintiff has not shown that he suffered six attacks, as defined by the Listing, within a consecutive twelve month period. The ALJ's finding that the plaintiff did not meed the Listing is supported by substantial evidence. Without elaboration, the court also concludes the ALJ's other findings are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 10 July 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.